### ALSOP v. McCOMBS et al.

(Circuit Court of Appeals, Eighth Circuit. August 4, 1916.)

No. 4601.

STIPULATIONS ⊂⇒14(5)—INVOLUNTARY DISMISSAL—GROUNDS—STIPULATION IN ANOTHER COURT.

By stipulation of counsel in an action in a state court it was agreed that one pending in a federal court between the same parties should stand continued and not be tried until that in the state court should be "finally determined," or so long as it should be "pending." Afterward, on motion of plaintiff, the state court entered a judgment of dismissal. *Held*, that the stipulation afforded no ground for dismissal of the action in the federal court.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 29; Dec. Dig. ⊂⇒14(5).]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by James N. Alsop against Ruddell M. McCombs and

others. From a judgment of dismissal, plaintiff brings error. Reversed.

Chester H. Krum, of St. Louis, Mo., and George W. Jolly, of Owensboro, Ky., for plaintiff in error.

C. D. Corum, of St. Louis, Mo. (Sam B. Jeffries, of St. Louis, Mo., and R. B. Oliver, of Cape Girardeau, Mo., on the brief), for defendants in error.

Before SANBORN, ADAMS, and CARLAND, Circuit Judges.

ADAMS, Circuit Judge. Alsop, the plaintiff below, instituted this action at law in the District Court of the United States for the Southeastern Division of the Eastern District of Missouri to recover damages for an alleged breach of a contract by the terms of which defendants agreed to purchase his interest in certain letters patent then issued or thereafter to be issued to him, and, being unable to secure service of process upon one of the defendants, he later instituted another suit by attachment in the court of common pleas of Cape Girardeau county, Mo., against the same defendants to recover damages for the same breach. The cause in the common pleas court was set for trial at the February term, 1914, of that court, and the plaintiff, not being ready for trial, secured a continuance to the May term, 1914, of that court upon entering into the following stipulation with the defendants:

"It is hereby stipulated that the pleadings in the above-entitled cause shall be made up and settled at the February, 1914, term of said court.

"It is further stipulated that this cause shall be tried in the above-named common pleas court in Cape Girardeau county at the May, 1914, term of said court.

"It is further stipulated that the suit brought by the above-named plaintiff in the Southeastern division of the Eastern district of Missouri, and which is pending in the federal court at Cape Girardeau, shall stand continued until the above case pending in the common pleas court at Cape Girardeau shall have been finally determined; that is to say, the suit in the federal court of Cape Girardeau shall not be tried as long as the said case now in the common pleas court at Cape Girardeau is pending, either in said court or in any appellate court. The plaintiff herein makes this stipulation in consideration of the agreement of the defendants to continue this cause to the May, 1914, term of this court. * * *

"Chester H. Krum,
"George W. Jolly,
"Attorneys for Plaintiff.
"Jeffries & Corum,
"Attorneys for Defendants."

When the cause in the state court was called for trial at the following May term, the plaintiff asked leave to dismiss it. Defendants, by counsel, objected, because they had filed a cross-bill, and because plaintiff had agreed to try it at that term of court. After argument of counsel, the court then made the following order:

"Thereupon it is considered, ordered, and adjudged by the court that the plaintiff's petition be dismissed, and that he take nothing by this writ herein, and that defendants have and recover of and from said plaintiff all their costs and charges in this behalf expended, and have execution therefor."

Afterwards defendants filed an amended answer in this cause, containing, among other defenses, a special one to the effect that the plaintiff had stipulated in the other cause that it should be heard at the May term of that court, and had further stipulated that this cause should not be heard until after the cause pending in the state court should have been finally determined. On the issue so made by the amended answer, the cause was called for trial in the court below. Thereupon defendants moved the court to try the issue raised by the special defense first, and the court, over the objection of plaintiff's counsel, who demanded a jury to try all the issues together, proceeded to a hearing of that issue alone, without a jury, and after hearing the evidence adduced on both sides made the following order:

"Wherefore, the premises considered, it is ordered and adjudged by the court that plaintiff's right to prosecute his action herein in this court is abated, and that the complaint filed herein be and the same is dismissed. It is further ordered that defendants and each of them go hence without day, and that they and each of them have and recover of and from this the plaintiff their costs in this behalf expended, and have execution therefor."

To reverse this judgment plaintiff prosecutes this writ of error, assigning particularly that the District Court erred in admitting, over plaintiff's objection, the stipulation entered into by the parties at the February term, 1914, of court of common pleas in the cause therein pending, which, in effect, challenges the sufficiency of the evidence to sustain the judgment as rendered.

Did the stipulation, to the effect that this cause should not be heard until the one pending in the state court should be finally determined, warrant the abatement and dismissal of this cause by the court below? We think not. That stipulation was made, not in this cause, but in another one pending in another court, and can have the force and effect of an agreement of counsel only. In our opinion, according to its terms and the unimpeachable record of the court in which it was made, it afforded no warrant for the judgment of dismissal of this cause. The parties agreed that this cause should "stand continued" until the one in the state court should be "finally determined," and should not be tried as long as that one "was pending."

The main purpose of the agreement obviously was that this cause should stand continued from time to time until the other one in the state court should be disposed of, and in no sense did it warrant a peremptory dismissal of it. But if the parties had intended that a dismissal should result from the violation of its terms, the facts, as conclusively shown by the record, would not warrant such dismissal. No prohibition whatever is found in the agreement of the trial of this cause in the court below after the one in the state court should have been "finally determined," or after it should cease to be "pending" there or in some appellate court. After the cause should be finally disposed of in the state court the parties were left free to proceed with the trial and disposition of this cause in the usual course.

It is conclusively shown by the proof that the cause in the state court had been "finally determined" and was not "pending" in that court at the time of the trial of this cause. The record of the pro-

ceedings in the state court introduced in evidence at the hearing below shows that, upon plaintiff's request to take a voluntary nonsuit, a judgment of dismissal and an award of execution in favor of the defendants for all their costs was entered; the order of the state court in that behalf being that "plaintiff's petition be dismissed, and that he take nothing by this writ herein, and that defendants have and recover of and from said plaintiff all their costs and charges in this behalf expended, and have execution therefor." Nothing, in our opinion, could more plainly show that the cause in the state court had been finally determined, and was not then pending, than this final judgment.

It is argued that the state court erred in permitting the plaintiff to take a voluntary nonsuit, and in rendering its judgment of dismissal in that cause; this, on two grounds: (1) Because the parties had agreed that the cause should be tried in the state court at its then May term, 1914; and (2) because in that action at law the defendants had interposed some equitable defense in the nature of a cross-bill in equity. Whatever may be the merits or demerits of these contentions, the judgment of the state court cannot be questioned in this action. It was the final judgment of a court of competent jurisdiction and cannot be attacked collaterally.

In view of the conclusion so reached, it is unnecessary to consider or pass upon the question of practice raised by plaintiff's counsel, that the court below erred in overruling his demand for a jury to try the special plea, together with the other issues in the case.

The judgment must be reversed, and the cause remanded to the District Court, with directions to proceed with its trial on the merits.